■ PAUL PALMIERI, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [734 NYS2d 581] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), entered January 2, 2001, which denied its motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to CPLR 3211 (a) (2).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff purchased a standard flood insurance policy from the defendant covering the period from January 1991 to January 1992. The plaintiff's premises sustained flood damage in October 1991, and he submitted a claim to the defendant. The defendant paid a portion of the claim, but withheld $10,074.28 pending the plaintiff's submission of proof of replacement and repair costs. The defendant eventually informed the plaintiff in writing that it was denying his claim for the $10,074.28 due to his failure to comply with certain terms of the policy, and because the policy did not cover some of the claimed losses.

The plaintiff commenced this action to recover damages for breach of contract. The defendant moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that the flood insurance policy contained a provision requiring that any action to recover money thereunder, whether based on a denial of all or part of a claim, be brought in the United States District Court in the district in which the insured property was located at the time of the loss. In opposition, the plaintiff argued that the action was not based on a breach of the policy, but rather, on a breach of a separate agreement between him and the defendant. The Supreme Court denied the motion. We reverse.

The plaintiff alleged in the complaint that the action was based on the defendant's breach of the provisions of the policy. The complaint contained no claim concerning the breach of an agreement separate from the policy. Moreover, the plaintiff submitted no evidence, other than his own unsubstantiated allegations, that a separate agreement existed wherein the defendant had approved his claim in full and was withholding the $10,074.28 until he submitted proof of the replacement and repair costs. The credible evidence demonstrated that the plaintiff's claim for flood damage was submitted to the defen-

dant, and that the defendant then withheld the money pending his tender of proof of replacement and repair costs, pursuant to the terms of the policy. The defendant then issued a partial denial of payment because the plaintiff failed to comply with, and because some of the claimed losses were not covered by, the policy. Therefore, the plaintiff's claim to the withheld sum is governed by the terms of the policy requiring that an action based on the denial of all or part of a claim be brought in Federal Court, which is vested with original exclusive jurisdiction over this action (*see*, 42 USC § 4053). Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.